IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE ROUNDS,

    Plaintiff,                    No. CIV S-09-0396 GGH P

    vs.

MATTHEW CATE, et al.,           ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 9, 2009, defendants removed this action from state court and requested that the court screen the complaint. On February 24, 2009, plaintiff filed a motion to remand, a motion for discovery and a motion for appointment of counsel.

        For the following reasons, the court recommends that the motion for remand be denied and that this action be dismissed.

        In the motion for remand, plaintiff argues that defendants did not remove this action within thirty days after receiving notice of the action in state court as required by 28 U.S.C. § 1446(b). Plaintiff contends that defendants received notice of the action on January 8, 2009, but did not remove this action until thirty-two days later on February 9, 2009. Thirty days after January 8, 2009, fell on Saturday February 7, 2009. Because the thirty day period for

1

removal ended on a Saturday, defendants had until the following Monday, i.e. February 9, 2009, to remove the action. Fed. R. Civ. P. 6(a). Accordingly, plaintiff's motion for remand is without merit and should be denied.

The court now turns to the merits of the complaint. Plaintiff alleges that in 1983 he was sentenced to 15 years to life after having been convicted of second degree murder. Plaintiff alleges that his minimum eligible parole date was set in 1991. Citing several state laws, plaintiff alleges that his sentence was for a determinate term of 15 years, minus any credits earned. Plaintiff alleges that defendants have since improperly treated his sentence as an indeterminate life sentence. As relief, plaintiff seeks an injunction ordering defendants to remove his life prisoner classification and to apply the statutory credits against his minimum term "which marks the end of his prison term on December 27, 1991." Complaint, p. 6.

The purpose of a civil rights action brought pursuant to 42 U.S.C. § 1983 is to challenge a condition of confinement. The purpose of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254 is to challenge the legality of a conviction, sentence or confinement. In the instant case, plaintiff is alleging that defendants miscalculated his sentence. As relief, he seeks an order directing that his sentence be properly calculated. Plaintiff would be immediately released on parole were the court to order this relief. Because plaintiff challenges the legality of his continued confinement and, in essence, seeks an order for release, the court construes this action to be a habeas corpus petition pursuant to 28 U.S.C. § 2254.

The court's own records reveal that on December 27, 2001, petitioner filed a petition containing virtually identical allegations. (No. Civ. S-01-2377 MCE DAD P).[1] On March 4, 2003, 01-2377 was denied on the merits. Due to the duplicative nature of the present action, the court finds it frivolous and, therefore, it should be dismissed. Rule 4, Federal Rules Governing Section 2254 Cases (court may dismiss petition if it is clear that petitioner is not

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

entitled to relief).

Because the petition should be dismissed as duplicative, petitioner's motion for the appointment of counsel and for discovery are denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a District Judge to this action;

2. This action is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

3. Petitioner's motion for the appointment of counsel and for discovery (no. 5) are denied;

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for remand (no. 5) be denied;

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

rou396.57